IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA D. POTTER, )
)
          **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 17-4050-JWL
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
          **Defendant.** )
_____)

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Appeals Council's failure to consider new, material, and chronologically relevant evidence, the court ORDERS that the Commissioner's final decision shall be REVERSED and that the case shall be REMANDED pursuant to the sixth sentence of 42 U.S.C. § 405(g) for that evidence to be made a part of the administrative record and considered.

**I.    Background**

Plaintiff argues that the Administrative Law Judge (ALJ) erred in finding Plaintiff's mental impairments are not of Listing level severity; and erred in his residual

functional capacity (RFC) assessment by failing to explain his conclusions properly, by failing to explain his findings regarding Plaintiff's allegations adequately, and by failing to weigh the opinions of medical sources properly. In her argument of error in the ALJ's evaluation of the opinions of medical sources, Plaintiff argues that the ALJ should have recontacted Dr. St. Clair and Ms. Marsh, her therapist, to clarify their opinions and that Plaintiff did so after the ALJ issued his decision and submitted the responses to the Appeals Council, but the Council found the responses would not change the outcome of the decision and it "did not consider and exhibit this evidence." (Pl. Br. 12) (quoting R. 2). She argues that "[t]he AC's [(Appeals Council's)] failure to consider and exhibit this evidence constitutes reversible error." Id. at 12. Finally, Plaintiff argues that the vocational expert's testimony did not satisfy the Commissioner's step five burden because the hypothetical questioning did not precisely match Plaintiff's functional limitations. She seeks remand "for an award of benefits," or alternatively, remand "in accordance with the sixth sentence of 42 U.S.C. § 405(g)" for consideration of qualifying new evidence submitted to the Appeals Council. Id. at 18.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a

2

scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520;[1] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

---

[1] Because the ALJ's decision in this case issued on May 1, 2015, in this opinion the court applies the 2015 edition of the Code of Federal Regulations except where otherwise indicated.

3

determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

As a preliminary matter, the court finds that Plaintiff has waived consideration of her request for remand for an immediate award of benefits because she provided no legal

authority for such a result and did not develop an argument for it in her Brief. Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); see also, Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)). The court understands that there are (rare) circumstances in which it is appropriate to remand for an immediate award of benefits, but it is up to Plaintiff to cite the authority for such a result and to explain why this case meets the criteria justifying that result. She has not done so.

Because the court remands this case pursuant to sentence six of 42 U.S.C. § 405(g), it may not provide an advisory opinion on the remaining errors alleged by Plaintiff. She may make arguments regarding those matters to the Commissioner on remand.

## II.     Sentence Six Remand

Plaintiff points out that she submitted statements from Dr. St. Clair and Ms. Marsh to the Appeals Council along with other evidence which was dated during the period at issue before the ALJ. (Pl. Br. 9-13, 16). She notes that the Council stated it "did not consider and exhibit this evidence." (R. 2). She argues that the evidence submitted to the Council "was: (i) new, (ii) material, and (iii) 'related to the period on or before the date of the ALJ's decision,'" and should have been made a part of the administrative record in this case and considered by the Council in deciding whether to review the ALJ's decision. (Pl. Br. 12) (quoting Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir.

5

2004)). She argues that the statements from Dr. St. Clair and Ms. Marsh are also chronologically relevant because they relate to the period at issue before the ALJ even though dated after the decision. Id. at 13.

The Commissioner argues that "the Appeals Council will consider additional evidence submitted after the date of the ALJ's decision 'that is new, material, and relates to the period on or before the date of the hearing decision, <u>and there is a reasonable probability that the additional evidence would change the outcome of the decision</u>.'" (Comm'r Br. 13) (quoting 20 C.F.R. § 404.970(a)(5) (2017)) (underline added). She argues that pursuant to "amended regulations that are applicable to the Appeals Council's May 8, 2017 denial of review in this case, the Appeals Council will only consider the additional evidence if the claimant 'show[s] good cause for not informing us about or submitting the evidence [no later than five days before the date of the hearing before the ALJ.]'" Id. at 13-14 (quoting 20 C.F.R. § 404.970(b) (2017)). She argues that when "denying review, the Appeals Council is not required to weigh the newly-submitted evidence or make factual findings." Id. at 14 (citing Vallejo v. Berryhill, 849 F.3d 951, 955–56 (10th Cir. 2017)).

She argues that Plaintiff did not show either a "reasonable probability" that the new evidence would have changed the outcome of the decision or that "she had good cause for not submitting the additional evidence within the appropriate time frame prior to the administrative hearing." Id. (citing 20 C.F.R. § 404.970(a)(5), (b) (2017)). She argues that "to the extent that [the "new" evidence] simply reiterates clinical findings contained within the existing record that had already been considered by the ALJ, [it] is

6

cumulative and duplicative of the existing record and, therefore, is not "new" within the meaning of 20 C.F.R. § 404.970 [(2017)]." Id. (citing Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003)).  She argues that "Plaintiff simply submitted additional post-decision evidence … that retroactively criticized the ALJ's findings in his written decision.  [And, t]he revised regulations requiring claimants to demonstrate good cause for failing to submit evidence earlier in the administrative process forecloses claimants from using this tactic to introduce additional evidence after the issuance of the ALJ's decision."

In her Reply Brief, Plaintiff asserts that the Commissioner's argument is erroneous because the Appeals Council "did not find that plaintiff had to show or failed to show 'good cause,'" and "because the regulation upon which defendant relies did not become effective until May 1, 2017, which was well after the May 1, 2015 ALJ's decision on this claim."  (Reply 11).

### A. The Legal (Regulatory) Standard

The applicable regulation, titled "Cases the Appeals Council will review," at the time the ALJ's decision issued in this case stated:

> (a) The Appeals Council will review a case if—
>   (1) There appears to be an abuse of discretion by the administrative law judge;
>   (2) There is an error of law;
>   (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
>   (4) There is a broad policy or procedural issue that may affect the general public interest.
>  (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing

decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970 (2015). Effective January 17, 2017, the regulation changed:

> (a) The Appeals Council will review a case if—
>   (1) There appears to be an abuse of discretion by the administrative law judge;
>   (2) There is an error of law;
>   (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence;
>   (4) There is a broad policy or procedural issue that may affect the general public interest; or
>   (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.
> (b) The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:
>   (1) Our action misled you;
>   (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>   (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>     (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>     (ii) There was a death or serious illness in your immediate family;
>     (iii) Important records were destroyed or damaged by fire or other accidental cause;

8

    (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
    (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.
  (c) If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, or the Appeals Council does not find you had good cause for missing the deadline to submit the evidence in § 404.935, the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application. The notice will also advise you that if you file a new application within 6 months after the date of the Appeals Council's notice, your request for review will constitute a written statement indicating an intent to claim benefits under § 404.630. If you file a new application within 6 months of the Appeals Council's notice, we will use the date you requested Appeals Council review as the filing date for your new application.

20 C.F.R. § 404.970 (2017).

### B. Analysis

As the Commissioner suggests, a number of Social Security Administration regulations changed effective January 17, 2017 to ensure that the agency's administrative review processes at the hearing and Appeals Council levels are consistent nationwide. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90,987-90,997 (Dec. 16, 2016). As part of that process, the agency implemented a "5-day requirement" "that all evidence, objections, or written statements be submitted at least 5 business days before the date of the [ALJ] hearing." Id. at 90,987. As the Commissioner's Brief suggests, although the regulations were effective January 17, 2017, "compliance [was] not required until May 1, 2017." Id.

9

Because the Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 8, 2017, the Commissioner argues that the new regulations and the 5-day requirement apply to this case, and that the Council properly rejected the evidence proffered because it did not suggest a reasonable probability of changing the outcome of the decision and because Plaintiff did not demonstrate good cause for failing to meet the 5-day requirement, both as the new regulations require. However, neither the five-day requirement nor the requirement to provide evidence suggesting a reasonable probability of changing the outcome of the ALJ's decision were in existence at, or five days before, the January 26, 2015 hearing in this case or even at, or five days before, the ALJ decision issued on May 1, 2015. (R. 78, 91, 121). Thus, it would have been impossible for Plaintiff to meet, or even to know about the requirements. Due process concerns would seem to be implicated were the Commissioner to change the regulations and apply requirements to a claimant for whom the opportunity had passed to meet the new requirements without notice of the requirements.

At the time of the hearing, January 26, 2015; when the ALJ issued his decision, May 1, 2015; when Plaintiff sought review of the ALJ hearing, April 15, 2016; and even when Plaintiff provided the additional evidence to the Appeals Council, June 16, 2016; there was no way for Plaintiff to have known of the final rules issued six to eighteen months later.[2] (R. 34, 44, 78, 91, 115, 121). During that time frame, the regulations

---

[2] A Notice of Proposed Rulemaking was issued in this matter on July 12, 2016. <u>Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process</u>, Fed. Reg. 81 45,079-45,085 (July 12, 2016). But, even that notice issued after each of the dates above.

10

required the Appeals Council to consider new and material evidence submitted if it related to the period on or before the date of the hearing decision, to evaluate the entire record including the new and material evidence submitted, and to review the case if it found that the decision at issue is contrary to the weight of the evidence in the record, including the new evidence. 20 C.F.R. § 404.970 (2015).

Plaintiff is correct that the Appeals Council did not state that it found Plaintiff did not show cause or otherwise indicate that it rejected the new evidence at issue because of the 5-day requirement or the new regulation. (Reply 11). As Plaintiff notes, the new regulation became effective two years after the ALJ's decision issued, and the Council did not state that it had applied the new regulation.

However, the Council found that the "evidence does not show a reasonable probability that it would change the outcome of the decision," and it stated, "We did not consider and exhibit this evidence." (R. 2). These two findings suggest that the Appeals Council applied the new regulation without stating that it had done so, or without citing the new regulation. Moreover, the Council stated that it "applied the laws, regulations and rulings in effect as of the date we took this action." (R. 1). As the Commissioner notes, compliance with the new regulation was to begin May 1, 2017, and the Appeals Council's notice was dated May 8, 2017, further suggesting that the new regulation was applied. The Council stated the "Rules We Applied," and stated it would review the case if it received

> additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the

11

> outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier."

(R. 1-2). The last two sentences of this rule reflect the substance of the changes implemented by the new regulation. There can be no doubt the Appeals Council applied the new regulation. The question before the court is whether this was proper.

The court finds that it is not just, and therefore was not proper. Although the <u>ex post facto</u> clause of the Constitution applies only to penal matters, it represents the principal that it is inappropriate to "change the rules in the middle of the game," to "move the goal posts," or otherwise to make it impossible for one's "opponent" to "win" or to meet the requirements of the "game." Moreover, one of the reasons for consistency in our legal system is that the participants might have a reasonable expectation that the law will not change at the whim of the adjudicator. And, as noted above, due process concerns are implicated where the regulations are changed and requirements are applied to a claimant for whom the opportunity has passed to meet the new requirements, and without notice of those requirements.

The Commissioner has acknowledged numerous times since at least 2000 that it expects that Federal Courts will review the Commissioner's final decisions "in accordance with the rules in effect at the time of the final decision"—or words to that effect. <u>Revised Medical Criteria for Evaluating Immune System Disorders</u>, 73 Fed. Reg. 14,570 14,571-72 (March 18, 2008); <u>Revised Medical Criteria for Evaluating Digestive Disorders</u>, 72 Fed. Reg. 59,398 (Oct. 19, 2007); <u>Optometrists as "Acceptable Medical Sources" To Establish a Medically Determinable Impairment</u>, 72 Fed. Reg. 9,239, 9,241

(March 1, 2007); Revised Medical Criteria for Evaluating Visual Disorders, 71 Fed. Reg. 67,037, 67,039 (Nov. 20, 2006); Evidentiary Requirements for Making Findings About Medical Equivalence, 71 Fed. Reg. 10,419, 10,421 (March 1, 2006); Revised Medical Criteria for Evaluating Cardiovascular Impairments, 71 Fed. Reg. 2,312, 2,313 (Jan. 13, 2006); Revised Medical Criteria for Evaluating Impairments that Affect Multiple Body Systems, 70 Fed. Reg. 51,252, 51,254 (Aug. 30, 2005); Revised Medical Criteria for Evaluating Genitourinary Impairments, 70 Fed. Reg. 38,582, 38,583-84 (July 5, 2005); Revised Medical Criteria for Evaluating Malignant Neoplastic Diseases, 69 Fed. Reg. 67,018, 67,019 (Nov. 15, 2004); Revised Medical Criteria for Evaluating Skin Disorders, 69 Fed. Reg. 32,260, 32,262 (June 9, 2004); Technical Revisions to Medical Criteria for Determinations of Disability, 67 Fed. Reg. 20,018, 20,023 (April 24, 2002); Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58,010, 58,011 (Nov. 19, 2001); Supplemental Security Income; Determining Disability for a Child Under Age 18, 65 Fed. Reg. 54,746, 54,751 (Sept. 11, 2000). The reasons for this seem evident—that the date of the final decision is the date at which the ALJ (or the Appeals Council, if it made the final decision) applied the law in effect on that date and determined if the claimant was disabled; that if the claimant files a subsequent application, it can relate back only to the day after the final decision, absent reopening of that decision; that judicial review is to consider whether the final decision applied the correct legal standard, and whether the record evidence supports the decision reached; and that subsequent changes to the law should not be applied to the claimant without notice and the opportunity to meet the requirements of the new law.

Since at least 1980, claimants have been permitted to submit new and material evidence to the Appeals Council. 20 C.F.R. § 404.970 (1981) ("If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record.") (effective Aug. 5, 1980). Effective February 9, 1987, the regulation was changed to require that the Council consider the new and material evidence submitted "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970 (1987). That requirement did not change for thirty years until May 1, 2017, two years <u>after</u> the date of the final decision in this case. 20 C.F.R. § 404.970 (2017). Applying the law in effect when the final decision issued in this case, the court finds that it was error for the Appeals Council to fail to make the admittedly new and material evidence a part of the administrative record in this case and to consider it when deciding whether to review the ALJ's decision.

Moreover, even were the court to apply the new regulation to this case, it would recognize that good cause exists for not submitting new and material evidence within the 5-day requirement, if the agency's action misled the claimant. 20 C.F.R. § 404.970(b)(1). The court finds error in the Appeals Council's failure to consider the new and material evidence because the circumstances of this case and the regulatory history detailed above constitute actions of the agency which misled Plaintiff into failing to secure the new and material evidence at issue and to submit it within the 5-day requirement. (Indeed, the actions of the agency made it impossible for Plaintiff to meet or to know of the 5-day requirement.)

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that the case shall be REMANDED pursuant to the sixth sentence of 42 U.S.C. § 405(g) for the new and material evidence to be taken and considered. Judgment shall not be entered at this time.

Dated August 24, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum<br>
**John W. Lungstrum**<br>
**United States District Judge**