# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA D. POTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 17-4050-JWL |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 23) pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Doc. 32). Plaintiff's motion is GRANTED, approving fees in the amount of $19,935.00 pursuant to the Social Security Act.

**I.      Background**

Plaintiff filed a Complaint in this court on June 23, 2017, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc 1). On

---

1 On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

August 24, 2018 this court reversed the Commissioner's decision and remanded in accordance with sentence 6 of U.S.C. § 405(g) for certain new and material evidence to be taken and considered by the Commissioner. (Doc. 21). On remand, the Commissioner issued a fully favorable decision on October 24, 2019. (Doc. 25, Attach. 1). Plaintiff now seeks award of attorney fees of $19,935.00 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II. Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts

may not use the "lodestar" method to establish a reasonable fee. Where there is a contingency-fee agreement between Plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of Plaintiff's attorney's billing record and normal hourly billing rate. Id.

The court notes how courts in this district have performed this analysis in recent years. Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018)

(affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

## III. Discussion

Here, Plaintiff's attorney submitted an affidavit in which she asserted that her usual billing rate for cases which are not complex and are not contingent is $300.00 per hour. (Doc. 24, Attach. 1, p.2). Counsel also provided a statement of the time billed on Plaintiff's case showing 44.3 hours of work representing Plaintiff before this court. Id., at p.3. The Commissioner responded without objection to Plaintiff's motion. (Doc. 25).

A fee of $19,935.00 derived from 44.3 hours of work results in an effective hourly rate of $450.00. The court finds that the fee requested is reasonable and although an effective hourly rate of $450.00 it is somewhat above the range of fees allowed by courts

within this district as noted above, the court recognizes that counsel's request is $2,690.00 less than the 25% of past due benefits contracted for and that counsel did not include in the hours billed the hours expended on preparing summons, filing returns of service, or preparing and filing motions for extension of time. When considering the nature of the fee, the court finds it is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel be given the sum of $19,935.00 from Plaintiff's past due benefits.[2]

**IT IS FURTHER ORDERED** that counsel shall request an attorney fee pursuant to the Equal Access to Justice Act (EAJA). In the event an attorney fee is awarded under the EAJA, the lesser fee shall be refunded to Plaintiff.

Dated February 6, 2020, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

---

[2] The court notes that the Commissioner failed to withhold 25% of past due benefits to pay counsel but instructed Plaintiff she is responsible to pay the fee awarded. (Doc. 24, Attach. 3 p.1).